IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| HERMAN "RAS" RICHARDS, DARRYL WILLIAMS, SR., and HARRIET MERCER, <br><br> Plaintiffs, <br><br> v. <br><br> JOHN ABRAMSON, JR., in his official capacity and/or his individual capacity as SUPERVISOR OF ELECTIONS, ELECTION SYSTEMS OF THE VIRGIN ISLANDS, and GOVERNMET OF THE VIRGIN ISLANDS, <br><br> Defendants. | CASE NO. 2012-21 |

REPORT AND RECOMMENDATION ON
APPLICATIONS TO PROCEED IN FORMA PAUPERIS

Before the Court are Herman Richards' and Harriet Mercer's applications to proceed *in forma pauperis*.

If *in forma pauperis* status is granted, a party proceeds in the action without having to pay for certain costs and fees.[1] Generally, in an action filed by multiple plaintiffs, if one plaintiff applies for i*n forma pauperis* status, each plaintiff must submit an application to proceed *in forma pauperis*,[2] and qualify for

---

[1] 28 U.S.C. § 1915.

[2] See *Adkins v. E.I. DuPont de Nemours & Co. Inc.*, 335 U.S. 331 (1948).

*Herman "Ras" Richards, et al. v. John Abramson, Jr., et al*
Civil No. 2012-21
Page 2

*in forma pauperis* status.[3]  The failure of each plaintiff to submit an application does not, however, prohibit a court from considering the applications of those who filed.[4]  "There is no fixed net worth which disqualifies a party as a pauper, . . . [but] the mere assertion of poverty does not serve as a substitute for indigency."[5]  A party does not have to be destitute to be granted *in forma pauperis* status.[6]

Mercer is unemployed and receives child support and public assistance; however, in her application, Mercer did not list the amount she receives in either public assistance or child support. Mercer also did not answer the question regarding what amount of money she has in cash or in a checking or savings account.  Mercer states that her monthly expenses are $544.00, and that she has two loans, with an outstanding balance of $7,395.80.

Richards is employed at the Virgin Islands Port Authority.  His net earnings are approximately $1,580.00 per month, and his monthly expenses are approximately $1,800.00.[7]  He has two vehicles, one

---

[3] *Burnett v. Mercer County Correctional Center*, 2011 U.S. Dist. LEXIS 44379, at *2 (D.C.N.J. Apr. 25, 2011).

[4] *Adkins*, 335 U.S. at 340.

[5] *Ward v. Werner*, 61 F.R.D. 639, 640 (M.D. Pa. 1974)(citations omitted).

[6] *Adkins*, 335 U.S. at 339-40.

[7] Richards lists his monthly loan expenditure as "appox. [sic] 9000.00." It is more likely that this is a total amount outstanding.

*Herman "Ras" Richards, et al. v. John Abramson, Jr., et al*
Civil No. 2012-21
Page 3

valued at approximately $7,000.00 and the other at approximately $1,500.00. Additionally, he has approximately $20,000.00 in cash or in a checking or savings account. Williams, the third plaintiff, has not filed an application to proceed *in forma pauperis*.

The Court must then determine whether each plaintiff, or the three together, cannot pay the filing fee and other costs associated with the lawsuit.[8] In *Ward v. Werner*, the district court noted that it would be inappropriate to grant *in forma pauperis* status when two of the three applicants were financially able to pay the filing fees and costs associated with the action.[9]

Notwithstanding that Richards represents that his monthly expenses exceed his net monthly earnings, Richards has two vehicles and approximately $20,000.00 in cash or in a savings or checking account. And, although Mercer did not state what amount of money she receives in public assistance or child support or what amount of money she has in cash or in a checking or savings account, and the Court cannot determine if Mercer is indigent, the Court finds the Richards has the ability to pay the filing fee and costs associated with this action.

---

[8] *Darden v. Indymac Bank*, 2009 U.S. Dist. LEXIS 119272, at *2 (E.D. Ca. Dec. 23, 2009).

[9] *Ward*, 61 F.R.D at 640.

*Herman "Ras" Richards, et al. v. John Abramson, Jr., et al*
Civil No. 2012-21
Page 4

      Accordingly, the premises considered, it is hereby RECOMMENDED that the applications to proceed *in forma pauperis* be DENIED.

      Any objections to this Report and Recommendation must be filed in writing within 14 days of receipt of this notice.  Failure to file objections within the specified time shall bar the aggrieved party from attacking such Report and Recommendation before the assigned District Court Judge. 28 U.S.C. Section 636(b)(1); LRCi 72.3.

      S\_____
        RUTH MILLER
        United States Magistrate Judge