IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

HERMAN "RAS" RICHARDS,
DARRYL WILLIAMS, SR., and
HARRIET MERCER,                                    CASE NO. 2012-21

                              Plaintiffs,

v.

JOHN ABRAMSON, JR., in his
official capacity and/or
his individual capacity as
SUPERVISOR OF ELECTIONS,
ELECTION SYSTEM OF THE
VIRGIN ISLANDS, and
GOVERNMENT OF THE VIRGIN
ISLANDS,

                              Defendants.

ORDER

On May 3, 2012 (ECF 7), plaintiffs filed a "Notice Re IFP Report and Recommendation."  In the "Wherefore" clause, plaintiffs "ask for process to resume as normal **AGAINST** the Defendant John Abramson, Jr., and for further process of service upon the added party, the **GOVERNMENT OF THE VIRGIN ISLANDS** (emphasis in original)**,"[1]** and to be informed of the "payment deadline."  The Court interprets this language as a request that service of process be made upon defendants.

A plaintiff is responsible for effectuating service of process upon a defendant.[2]  Rule 4(c)(3) of the Federal Rules of Civil Procedure in pertinent part provides, however, that upon a plaintiff's request, the court may "order that service be made by

---

[1]  On March 22, 2012 (ECF 5), plaintiffs filed an "Amended Complaint" purporting to add the Government of the Virgin Islands as a defendant.

[2]  Fed. R. Civ. P. 4(c)(1).

Herman "Ras" Richards, et al. v. John Abramson, Jr., et al
Civil No. 2012-21
Page 2

a United States marshal or deputy marshal or by a person specially appointed by the court. The Court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. 1915 or as a seaman under 28 U.S.C. 1916."[3]

Here, by Report and Recommendation dated April 23, 2012 (ECF 6), the undersigned recommended that plaintiffs' applications for in forma pauperis status be denied, and plaintiffs do not object to the recommendation (ECF 7).[4] Because plaintiffs have not been granted in forma pauperis status, plaintiffs are not entitled to court directed service of process.

Thus, to the extent plaintiffs seek court directed service upon the defendants, the motion is DENIED without prejudice.[5] The

_____

[3] Fed. R. Civ. P. 4(c)(3).

[4] To date, the Report and Recommendation has not been adopted by the Chief Judge.

[5] With respect to an individual named in an official capacity, the method of service is prescribed by Rule 4(i)(2). Governmental agencies may be served one of two ways: under Federal Rule of Civil Procedure 4(i), or under Rule 4(j). Rule 4(i)(2) provides: "[t]o serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee." Fed. R. Civ. P. 4(i)(2) Rule 4(i)(1) then directs how service may be made upon the United States:

    (1) To serve the United States, a party must:

    (A) (i)   deliver a copy of the summons and of the complaint to the United States Attorney for the district where the action is brought - or to an assistant United States attorney or a clerical employee whom the United States attorney has designates in a writing filed with the court clerk – or

        (ii)  send copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;

*Herman "Ras" Richards, et al. v. John Abramson, Jr., et al*
Civil No. 2012-21
Page 3

case filing fee of $350.00 is payable immediately to the Clerk of

Court.[6]

S_____
**RUTH MILLER**
United States Magistrate Judge

---

  (B) send a copy of each by registered or certified mail to the Attorney
    General of the United States at Washington, D.C.; and

  (C) if the action challenges an order of a nonparty agency or officer of
    the United States, send a copy of each by registered mail to the agency
    or officer.

Fed. R Civ. P. 4(i)(1). References in Rule 4 to the United States or any of its
officers or agencies include the Virgin Islands, or any of its officers or agencies.
Super. Ct. R. 27. Subparagraph (B) of Rule 4(i)(1) is not applicable to cases
brought against the Government of the Virgin Islands or its agencies, as there
is no equivalent to the Attorney General of the United States in the Virgin Islands.

  Federal Rule of Civil Procedure 4(j)(2) provides for service upon a state
or local government:

  A state, a municipal corporation, agency, or any other state-created
  governmental organization that is subject to suit must be served by:

    (A) delivering a copy of the summons and of the complaint to its chief
     executive officer; or

    (B) serving a copy of each in the manner prescribed by the state's
     law for serving a summons or like process on such a defendant.

[6] See 28 U.S.C. § 1914(a).