```
               DISTRICT COURT OF THE VIRGIN ISLANDS
                 DIVISION OF ST. THOMAS AND ST. JOHN

HERMAN "RAS" RICHARDS, DARRYL    )
WILLIAMS, SR., and HARRIET       )
MERCER,                          )
                                 )
               Plaintiff,        )    Civil No. 2012-21
                                 )
          v.                     )
                                 )
JOHN ABRAMSON, JR., in his       )
official capacity and/or his     )
individual capacity as           )
SUPERVISOR OF ELECTIONS;         )
ELECTION SYSTEM OF THE VIRGIN    )
ISLANDS; and the GOVERNMENT OF   )
THE VIRGIN ISLANDS,              )
                                 )
               Defendants.       )
                                 )
```

ATTORNEYS:

**Herman "Ras" Richards**
St. Thomas, U.S.V.I.
    *Pro se plaintiff,*

**Darryl Williams, Sr.**
St. Thomas, U.S.V.I.
    *Pro se plaintiff,*

**Harriet A. Mercer**
St. Thomas, U.S.V.I.
    *Pro se plaintiff,*

**Ariel Marie Smith-Francois, AAG**
Virgin Islands Department of Justice
St. Thomas, U.S.V.I.
    *John Abramson, Jr., Election System of the Virgin Islands,*
    *and Government of the Virgin Islands.*

## ORDER

Before the Court are the motions by defendants Government of the Virgin Islands, John Abramson, Jr., in his official capacity and/or individual capacity as Supervisor of Elections, and the Election System of the Virgin Islands (the "Election System"), to dismiss this matter.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Herman "Ras" Richards ("Richards"), Darryl Williams ("Williams"), and Harriet Mercer ("Mercer") (collectively, "the plaintiffs") sought to recall five members of the St. Thomas-St. John District Board of Elections – Harry A. Daniel, Claudette Georges, Lorna A.C. Thomas, Colette White-Amaro, and Alecia M. Wells. On January 19, 2012, the plaintiffs hand-delivered a recall petition to the office of John Abramson, Jr. ("Abramson"), Virgin Islands Supervisor of Elections.

Thereafter, on January 24, 2012, Abramson sent a letter to the plaintiffs. In his letter, Abramson informed the plaintiffs that, pursuant to section 12(c)(3) of the Revised Organic Act of 1954, the plaintiffs had 60 days from their January 19, 2012, submission, to gather the requisite number of signatures. Specifically, Abramson informed the plaintiffs that a total of 19,933 signatures was due to his office by March 18, 2012.

*Richards v. Abramson, et al.*
Civil No. 2012-21
Order
Page 3

  The plaintiffs sent a letter to Abramson's office, dated March 3, 2012. In their letter, the plaintiffs objected to Abramson's March 18, 2012, letter. They asserted that Abramson had deprived them of five days because he should have counted from January 24, 2012, the date of Abramson's initial letter to the plaintiffs. Alternatively, the plaintiffs argued that even if January 19, 2012, was the proper date to commence the 60 day count, the due date should have been March 19, rather than March 18, 2012.

  Abramson responded to the plaintiff's objections in a letter dated March 6, 2012. In his letter, Abramson again acknowledged that the plaintiff's recall petition was filed on January 19, 2012. He then informed the plaintiffs once again that their signatures were due on March 18, 2012, "[s]ixty days from January 19, 2012." (ECF No. 1-3.)

  The plaintiffs commenced this action on March 19, 2012. In their complaint, the plaintiffs seek declaratory and injunctive relief against Abramson, in his official and/or individual capacity as Supervisor of Elections; the Election System of the Virgin Islands; and the Government of the Virgin Islands (collectively, "the defendants"). Specifically, the plaintiffs seek:

a. A judicial declaration of the correct toll date for their recall petitions.

b. A judicial declaration as to which office their recall petitions must be delivered.

c. An injunction barring Abramson's disapproval of their recall petitions.

d. A judicial declaration that they will receive a full written explanation of the procedures, standards, policies, rules and laws that govern the recall process.

e. A judicial declaration that they will have the exclusive right to observe the count, tally, and recording of their petition signatures.

f. A judicial declaration that they be provided a schedule of the dates, times and places for the count, tally, and recording of their petition signatures.

g. A judicial declaration that they can question and must receive prompt responses to any and all concerns they have regarding the recall process.

h. A declaration that their recall petitions can be signed not only by the voters who voted in the 2008 or 2010 general election, but also any eligible voter, including new registrants and renewed registrants.

*Richards v. Abramson, et al.*
Civil No. 2012-21
Order
Page 5

    i. An order directing the defendants to proceed with a recall election between 30 and 60 days of the correct toll date, once the pending similar St. Croix case, Civil No. 2010-14, is adjudicated.

    j. An award of costs and fees for instituting this action.

    k. Any and all other relief the Court deems appropriate.

(Compl. 3-4.)

On March 22, 2012, the plaintiffs filed an amended complaint. The only change from the original complaint was to add the Government of the Virgin Islands as a defendant.

The defendants now move to dismiss this matter as moot. In the alternative the defendants move to dismiss this matter pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II. DISCUSSION

A party may seek declaratory relief in a federal court pursuant to the Declaratory Judgment Act. The Declaratory Judgment Act provides that, "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). The Declaratory Judgment Act is limited by Article III of the Constitution which "confines jurisdiction of the federal courts

*Richards v. Abramson, et al.*
Civil No. 2012-21
Order
Page 6

to actual 'cases and controversies.'" *Brown v. Phila. Mun. Court*, 47 Fed. App'x 129, 130 (3d Cir. 2002).

Pursuant to the "case or controversy" requirement of Article III, a federal court has to fulfill its gatekeeping function of determining whether a case is "moot." *See North Carolina v. Rice*, 404 U.S. 244, 246 (1971) (". . . our impotence to review moot cases derives from the requirement of Article III of the Constitution under which the exercise of our judicial power depends upon the existence of a case or controversy.") "The mootness doctrine defines constitutionally minimal conditions for the invocation of federal judicial power." *Id*. "A case is moot when 'the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'" *Id*. (quoting *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000)). "The court's ability to grant effective relief lies at the heart of the mootness doctrine." *Donovan v. Punxsutawney Area Sch. Bd.*, 336 F.3d 211, 216 (3d Cir. 2003) (internal citation omitted). "That is, '[i]f developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot.'" *Donovan*, 336 F.3d at 216 (quoting *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698-99 (3d Cir. 1996)).

*Richards v. Abramson, et al.*
Civil No. 2012-21
Order
Page 7

The United States Court of Appeals for the Eighth Circuit had occasion to address such an occurrence in *State of Neb. V. Central Interstate Law-Level Radioactive Waste Compact Com'n*, 187 F.3d 982 (8th Cir. 1999) [hereinafter *Central Interstate*]. In *Central Interstate*, the Central Interstate Low-Level Waste Commission ("the Commission") established a deadline for the State of Nebraska ("the State") to process a license application for a low-level radioactive facility. The State brought an action for a declaratory judgment. The State sought a declaration that the deadline imposed was unreasonable. The district court found that the deadline was reasonable. The State appealed.

During the pendency of the appeal, the State made a licensing decision. Thereafter, the date of the deadline giving rise to the complaint passed. Consequently, the Eighth Circuit explained that

> "Occasionally, due to the passage of time or a change in circumstances, the issues presented in a case will no longer be 'live' [preventing] a federal court from granting effective relief...." Arkansas AFL-CIO v. Federal Communications Comm'n, 11 F.3d 1430, 1435 (8th Cir.1993) (en banc). When this occurs, and the court cannot grant specific and conclusive relief as to an issue raised, then the issue is moot. . . .
>
> The only remedy the State sought with respect to whether the deadline was justifiable, was a declaration that the deadline was unreasonable and therefore invalid. *Because the deadline and licensing decision have passed, no resolution of this issue*

>     *would give specific or conclusive relief*. . . . Thus, a decision on the reasonableness of this specific deadline is moot.

*Central Interstate*, 187 F.3d at 987 (emphasis added).

Here, the plaintiffs contend that the last day for filing their recall petition should have been March 24, 2012. The defendants contend that the last date for filing the petition was March 18, 2012. Under either scenario, the deadline for filing the recall petition has passed. As a result, even if this Court were to declare that the deadline was March 24, 2012, as the plaintiffs request, the Court could not grant the plaintiffs the relief they seek regarding a deadline which has already come and gone. *See Central Interstate*, 187 F.3d at 987.

Where, as here, developments have occurred that prevent the Court from being able to grant the requested relief, dismissal of the case as moot may be warranted. *See id*. Because all of the issues arising from the Complaint are moot, the Court need not reach the merits of whether Abramson properly calculated the 60 days provided by section 12(c)(3) of the Revised Organic Act of 1954 for filing signatures in support of the plaintiff's recall petition. *See id*. (dismissing the action and explaining that where a deadline has passed, "a decision on the reasonableness of this specific deadline is moot"); *see generally Valdez v. Ashcroft*, 112 Fed. App'x 208, 209 (3d Cir. 2004) (explaining

*Richards v. Abramson, et al.*
Civil No. 2012-21
Order
Page 9

that because the petition was moot, the court need not reach the merits of the issues).

The premises considered, it is hereby

**ORDERED** that the defendants motions to dismiss are **GRANTED**; it is further

**ORDERED** that this matter is **DISMISSED** as **MOOT**; it is further

**ORDERED** that all pending motions are **DENIED**; and it is further

**ORDERED** the Clerk of the Court shall **CLOSE** this case.

```
                                    S_____
                                       Curtis V. Gómez
                                         Chief Judge
```