**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

**HERMAN "RAS" RICHARDS, DARRYL WILLIAMS, SR., and HARRIET MERCER,**

**Plaintiff,**

**v.**

**JOHN ABRAMSON, JR., in his official capacity and/or his individual capacity as SUPERVISOR OF ELECTIONS; ELECTION SYSTEM OF THE VIRGIN ISLANDS; and the GOVERNMENT OF THE VIRGIN ISLANDS,**

**Defendants.**

**Civil No. 2012-21**

**ATTORNEYS:**

**Herman "Ras" Richards**
St. Thomas, U.S.V.I.
*Pro se plaintiff,*

**Darryl Williams, Sr.**
St. Thomas, U.S.V.I.
*Pro se plaintiff,*

**Harriet A. Mercer**
St. Thomas, U.S.V.I.
*Pro se plaintiff,*

**Ariel Marie Smith-Francois, AAG**
Virgin Islands Department of Justice
St. Thomas, U.S.V.I.
*John Abramson, Jr., Election System of the Virgin Islands, and Government of the Virgin Islands.*

**ORDER**

Before the Court are two joint motions by pro se plaintiffs Herman "Ras" Richards ("Richards"), Darryl Williams

("Williams"), and Harriet Mercer ("Mercer") (collectively, "the plaintiffs"). The first is a motion for relief from the Court's February 13, 2013, order dismissing this action as moot. The second is a motion for clarification of this Court's February 13, 2013, order.

## I. **FACTUAL AND PROCEDURAL BACKGROUND**

In or about January of 2012, the plaintiffs sought to recall five members of the St. Thomas-St. John District Board of Elections – Harry A. Daniel, Claudette Georges, Lorna A.C. Thomas, Colette White-Amaro, and Alecia M. Wells. On January 19, 2012, the plaintiffs hand-delivered a recall petition to the office of John Abramson, Jr. ("Abramson"), Virgin Islands Supervisor of Elections.

Thereafter, on January 24, 2012, Abramson sent a letter to the plaintiffs. In his letter, Abramson informed the plaintiffs that, pursuant to section 12(c)(3) of the Revised Organic Act of 1954, the plaintiffs had 60 days from their January 19, 2012, submission, to gather the requisite number of signatures. Specifically, Abramson informed the plaintiffs that 19,933 signatures were due to his office by March 18, 2012.

The plaintiffs sent a letter to Abramson's office, dated March 3, 2012. In their letter, the plaintiffs objected to Abramson's January 24, 2012, letter. They asserted that Abramson

had deprived them of five days because he should have counted from January 24, 2012, the date of Abramson's initial letter to the plaintiffs. Alternatively, the plaintiffs argued that even if January 19, 2012, was the proper date to commence the 60 day count, the due date should have been March 19, rather than March 18, 2012.

Abramson responded to the plaintiff's objections in a letter dated March 6, 2012. In his letter, Abramson again acknowledged that the plaintiff's recall petition was filed on January 19, 2012. He then informed the plaintiffs once again that their signatures were due on March 18, 2012, "[s]ixty days from January 19, 2012." (ECF No. 1-3.)

The plaintiffs commenced this action for injunctive and declaratory relief on March 19, 2012, against the Government of the Virgin Islands, John Abramson, Jr., in his official capacity and/or individual capacity as Supervisor of Elections, and the Election System of the Virgin Islands (the "Election System") (collectively, "the defendants"). Specifically, the plaintiffs sought:

a. A judicial declaration of the correct toll date for their recall petitions.

b. A judicial declaration as to which office their recall petitions must be delivered.

c. An injunction barring Abramson's disapproval of their recall petitions.

d. A judicial declaration that they will receive a full written explanation of the procedures, standards, policies, rules and laws that govern the recall process.

e. A judicial declaration that they will have the exclusive right to observe the count, tally, and recording of their petition signatures.

f. A judicial declaration that they be provided a schedule of the dates, times and places for the count, tally, and recording of their petition signatures.

g. A judicial declaration that they can question and must receive prompt responses to any and all concerns they have regarding the recall process.

h. A declaration that their recall petitions can be signed not only by the voters who voted in the 2008 or 2010 general election, but also any eligible voter, including new registrants and renewed registrants.

i. An order directing the defendants to proceed with a recall election between 30 and 60 days of the correct toll date, once the pending similar St. Croix case, Civil No. 2010-14, is adjudicated.

j. An award of costs and fees for instituting this action.

k. Any and all other relief the Court deems appropriate.

(Compl. 3-4.)

On March 22, 2012, the plaintiffs filed an amended complaint. The only change from the original complaint was the addition of the Government of the Virgin Islands as a defendant.

Thereafter, on May 10, 2012, the plaintiffs caused service to be effected on the defendants.

Subsequently, on June 1, 2012, the defendants moved to dismiss this matter as moot because the March 18, 2012, deadline had passed. In the alternative the defendants moved to dismiss this matter pursuant to Federal Rule of Civil Procedure 12(b)(6).

The Court granted the motion to dismiss on February 13, 2013. The Court dismissed this matter as moot.

On March 1, 2013, the plaintiffs moved for relief from the Court's February 13, 2013, order. The plaintiffs also sought clarification of that order. The defendants have not filed any opposition to the motions.

## II. DISCUSSION

### A. Motion for Relief from a Judgment or Order

Rule 60(b) of the Federal Rules of Civil Procedure permits relief "from a final judgment, order, or proceeding." Fed. R. Civ. P. 60(b). A party may be relieved from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it to prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

"A movant under Rule 60(b) bears a heavy burden, requiring 'more than a showing of the potential significance of the new evidence'....These motions are only granted where extraordinary justifying circumstances are present." *Santiago v. Nash*, No. 07-4017, 2008 WL 624758, at *1 (3d Cir. 2008) (quoting *Bohus v. Beloff*, 950 F.2d 919, 929 (3d Cir. 1991)); *U.S. v. Beggerly*, 524 U.S. 38, 47 (1998) (stating "an independent action should be available only to prevent a grave miscarriage of justice.").

The Court is guided by a number of factors when ruling on a Rule 60(b) motion, *inter alia*, "[1] the general desirability that a final judgment should not be lightly disturbed; [2] the procedure provided by Rule 60(b) is not a substitute for an appeal; [3] the Rule should be liberally construed for the purpose of doing substantial justice; [4] whether, although the motion is made within the maximum time, if any, provided by the Rule, the motion is made within a reasonable time." *Lasky v. Continental Products Corp.*, 804 F.2d 250, 256 (3d Cir. 1986)

(quoting 7 J. Moore & J. Lucas Moore's Federal Practice ¶ 60.19, pp. 60-164-60-165).

**B. Motion for Clarification/Reconsideration**

Federal Rule of Civil Procedure 59(e) ("Rule 59(e)") permits a party to alter or amend a judgment by, inter alia, clarification or reconsideration. Courts are to grant Rule 59(e) relief only where: "(1) an intervening change in the law has occurred, (2) new evidence not previously available has emerged, or (3) the need to correct a clear error of law or prevent a manifest injustice arises." *Gutierrez v. Ashcroft*, 289 F. Supp. 2d 555, 561 (D.N.J. 2003) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). Such motions "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

## III. ANALYSIS

The plaintiffs assert in both of their pending motions that the Court improperly dismissed this action as moot. The motions are captioned as arising under various Rules of Civil Procedure, including Rule 60. Though the motions include assertions that the Court's dismissal was a "mistake," pursuant to Fed. R. Civ. P. 60(b)(1), and "void," pursuant to Fed. R. Civ. P. 60(b)(4), the motions primarily (1) reiterate the arguments asserted by the plaintiffs in their opposition to the defendants' motions to

dismiss and (2) register disagreement with the Court's ruling. As such, the Court will construe the motions as seeking reconsideration under Fed. R. Civ. P. 59(e). *See, e.g.*, *Hazel v. Smith*, 190 Fed. App'x 137, 138 (3d Cir. 2006) (construing a motion captioned as a Fed. R. Civ. P. 60 motion as one actually arising under Fed. R. Civ. P. 59(e)); *Turner v. Evers*, 726 F.2d 112, 114 (3d Cir. 1984) (explaining that the function of the motion, rather than the caption, dictates which Rule applies).

**A. Rule 59(e)**

The plaintiffs have not asserted that an intervening change in the law has occurred or that any new evidence not previously available has emerged. As such, the Court will read the plaintiffs' motions as seeking reconsideration on the basis of the need to correct a clear error of law or prevent a manifest injustice.

In the context of a motion to reconsider, manifest injustice "[g]enerally, [] means that the Court overlooked some dispositive factual or legal matter that was presented to it." *In re Rose*, No. 06-1818, 2007 U.S. Dist. LEXIS 64622, at *3 (D.N.J. Aug. 30, 2007). Manifest injustice has also been defined as "'an error in the trial court that is direct, obvious, and observable.'" *Tenn. Prot. & Advocacy, Inc. v. Wells*, 371 F.3d 342, 348 (6th Cir. 2004) (quoting *Black's Law*

*Dictionary* 974 (7th ed. 1999)). "[M]ost cases . . . use the term 'manifest injustice' to describe the result of a plain error." *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1425 (5th Cir. 1996).

"A motion for reconsideration cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *See Dunkley v. Mellon Investor Servs.*, No. 09-3609, 2010 WL 1767238, at *2 (3rd Cir. May 4, 2010) (quoting *Wilchombe v. TeeVee Toons*, Inc. 555 F.3d 949, 957 (11th Cir. 2009)).

Here, the plaintiffs assert that the Court never issued a scheduling order and that "this matter was treated contrary to normal procedures of other emergency cases before this Court. Great time was lost and no action was taken." (ECF No. 33 at 1.) The plaintiffs advance two bases for reconsideration. The first is that "the Court purposely ran out the time for the requested fair action to take place." (ECF No. 33 at 2.) The second is that "in instances of abused public policy," such as is allegedly present here, "the matter can never be 'moot.'" (*Id*. at 3.) The Court will address each of those assertions in turn.

At the outset, "[i]t is important to note that district courts have wide discretion in the management of their cases." *Yakowicz v. Pennsylvania*, 683 F.2d 778, 784 (3d Cir. 1982).

Indeed, a district court has "broad powers with respect to timing and other considerations that it has generally in the management of the cases before it as they proceed through the various stages before and during trial". *Id*. As such, "broad discretion should be accorded district courts in the management of their calendars." *Titus v. Mercedes Benz of N. Am.*, 695 F.2d 746, 751 (3d Cir. 1982).

The plaintiffs initiated this action in March of 2012. They perfected service in May of 2012. The defendants filed their motions to dismiss in June of 2012. Eleven months after initiation of this action, nine months after the plaintiffs perfected service, and eight months after the defendants' filed their motions to dismiss, the Court granted the motions and entered a final disposition in this case.

Such a disposition is relatively speedy for a trial court in today's reality of increasingly congested civil dockets and litigious parties. Indeed, under the Civil Justice Reform Act of 1990, 28 U.S.C. § 473(a)(2)(B), Congress indicated that routine civil cases should be finished within eighteen months, and the rest within three years. The Court was able to finalize this matter well before Congress's eighteen month target. As such, the Court finds that its eleven month "complaint-to-disposition"

turnaround was well within its wide discretion to manage its docket.

Finally, it is worth noting that, to the extent a party wishes to effect an even more expedient path to disposition, the burden rests with that party to initiate that process. Indeed, Federal Rule of Civil Procedure 65 provides that a court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney *only if*:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reason why it should not be required.

Fed. R. Civ. P. 65(b)(1) (emphasis added).

A court may grant a temporary restraining order only if the petitioner shows: (1) a reasonable probability of success on the merits; (2) irreparable injury will occur to the movant if relief is not granted; (3) less harm will result to the non-movant if the relief is granted than to the movant if the relief is not granted; and (4) the public interest, if any, weighs in favor of the movant. *Bieros v. Nicola*, F. Supp. 455 (E.D. Pa. 1994) (noting that the standards for issuing a temporary restraining order are identical to those for the issuance of a

preliminary injunction). *See also Civil Liberties Union of N.J. v. Black Horse Pike Reg. Bd. of Educ.*, 84 F.3d 1471 (3d Cir. 1996) (stating the requirements for obtaining a preliminary injunction).

Here, the plaintiffs' alleged injury arose on January 24, 2012, when Abramson informed them that the deadline for filing their recall petition was March 18, 2012. The plaintiffs took no action whatsoever at that time. They did not promptly file a motion for a temporary restraining order with the Court. Instead, the plaintiffs chose to wait until March 3, 2012, to merely send a letter to Abramson registering their disagreement with his declared deadline. Thereafter, as early as March 6, 2012, when Abramson reaffirmed the March 18 deadline, the plaintiffs were not motivated to seek any emergency relief from the Court. Rather, the plaintiffs chose to wait until March 19, 2012, the day *after* the purported deadline, to file an ordinary complaint with the Court.

Significantly, the plaintiffs' March 19 filing did not contain "specific facts in an affidavit or a verified complaint [that] clearly show[ed] that immediate and irreparable injury, loss, or damage [would] result to the movant before the adverse party [could] be heard in opposition." *See* Fed. R. Civ. P. 65(b)(1)(A). Further, the plaintiffs did not submit a written

certification of "any efforts made to give notice and the reasons why it should not be required." *See id*. Because the plaintiffs did not conform their filing to the requirements of Rule 65, they were not entitled to have their complaint construed as a petition for emergency relief. *See Austin v. Altman*, 332 F.2d 273, 275 (2d Cir. 1964) ("We take this opportunity to emphasize that a district court should scrupulously observe the requirements of Rule 65 in the delicate business of granting temporary restraining orders."); *see, e.g.*, *Illinois Migrant Council v. Pilliod*, 398 F. Supp. 882 (N.D. Ill. 1975) (refusing to consider allegations made in an unverified complaint as a petition for Rule 65 relief); *see also Buckley v. United States*, 494 F. Supp. 1000, 1002 (E.D. Ken. 1980) (finding that, although "pro se complaints are held to less stringent standards," Rule 65 was not triggered where the pro se plaintiff "failed to allege specific facts by affidavit or verified complaint.")

The Court next turns to the plaintiffs' assertion that the Court improperly found and dismissed as moot the underlying causes of action. The plaintiffs do not point to any particular portion of the Court's February 13, 2013, opinion which is allegedly erroneous. Further, the plaintiffs do not point to any statutory or case law authority for their assertion that the

Court committed error. Rather, the plaintiffs rest on the blanket contention that "[i]t is already well-established by sound case law that in instances of abused public policy, the matter can never be 'moot.'" (ECF No. 33 at 3.) The plaintiffs cite to no authority for that contention. It is not clear how much longer the plaintiffs would have the Court wait to finally put this matter to bed.

The Court's February 13, 2013, order dismissing this matter as moot was the subject of considered analysis, which was founded on statutory, U.S. Supreme Court, and circuit authority. In the absence of any authority to the contrary, the Court will deny the plaintiffs' instant motion.

**B. Rule 60(b)**

Even if the Court construed the plaintiffs' motions as arising under Rule 60(b), the motions would nonetheless be denied because they present no viable basis for Rule 60(b) relief. Contrary to the plaintiffs' assertions that exceptional circumstances exist, their motions contain no arguments which could not have been raised on appeal, making Rule 60(b) relief inappropriate. *See Martinez-McBean v. Government of Virgin Islands*, 562 F.2d 908, 911 (3d Cir. 1977) (explaining that "it is improper to grant relief under Rule [60(b)] if the aggrieved

party could have reasonably sought the same relief by means of appeal.”)

The premises considered, it is hereby

**ORDERED** that the plaintiffs’ motion, docketed at ECF No. 33, for reconsideration and to alter or amend judgment is **DENIED**; and it is further

**ORDERED** that the plaintiffs’ motion, docketed at ECF No. 34, for clarification of this Court’s February 13, 2013, order is **DENIED**.

**S_______________________**
**Curtis V. Gómez**
**Chief Judge**